## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| MICKI BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV623-071 |
| | ) | |
| WARDEN ADAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Micki Brown filed this case against multiple defendants arising out of events that allegedly occurred at Smith State Prison. *See generally* doc. 1. The Court previously screened his Complaint, directed service of his excessive force claim upon Defendants Sharpe, Weston, Edwards, Hreha, and Grant, recommended dismissal of his claim against Defendant Adams, his request for injunctive relief, and his Fourteenth Amendment due process claim, and directed him to amend his claims of deliberate indifference to serious medical needs, denial of due process, and First Amendment retaliation. *See generally* doc. 6. The District Judge adopted the recommendations of dismissal. Doc. 11. The same day, Brown submitted his Amended Complaint.

1

Doc. 12.   The Court, therefore, proceeds to screen his Amended Complaint.   *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff.   *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).   As Brown is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed.   *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

## I.   Defendant Adams

Brown asserts that Defendant Adams is "liable cause [sic] he is responsible for his staff actions even if he dont [sic] cause the constitutional violation."   Doc. 12 at 4.   Brown is simply wrong, as the Court previously explained.   *See Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)) ("Section 1983 claims may not be brought against

supervisory officials on the basis of vicarious liability or *respondeat superior*."); *see also* doc. 6 at 5.   As to his allegation of Adams' "dereliction of duty," his assertion, which is supported by a citation to the Uniform Code of Military Justice, is frivolous.   *See, e.g.,* 10 U.S.C. §§ 802, Art. 2, 892, Art. 92; *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (a claim "is frivolous when it lacks an arguable basis in either law or fact."); *Truong v. Valenziano*, 2023 WL 6809939, at * 1 (D.D.C. Oct. 11, 2023) (dismissing as frivolous a case that, among other things, cited to the Uniform Code of Military Justice).   Brown's claims against Defendant Adams in the Amended Complaint should, therefore, be **DISMISSED**.

## II.   Deliberate Indifference to Serious Medical Needs

Brown's allegations concerning Weston and Sharpe's alleged failure to provide medical treatment after an alleged use of force fails to state any claim.   *See* doc. 12 at 4.   To offend the Eighth Amendment, a government official must display "deliberate indifference to the serious medical needs of prisoners . . . ."   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).   This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury.   *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326

(11th Cir. 2007).   Whether a serious medical need existed is an objective standard.   *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011). However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows."   *Burnette v. Taylor*, 33 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence."   *Youmans v. Gagnon*, 62 F.3d 557, 564 (11th Cir. 2010).

As before, Brown's allegations fail to allege either defendant's deliberate indifference.   He reiterates his allegations concerning the use of force.   Doc. 12 at 4.   He also, again, alleges that he suffered nerve damage and loss of mobility in his hand, at some point, after the incident occurred.   *Id.*   However, he does not allege what symptoms, if any, he suffered immediately after the incident or, assuming he suffered some, what either defendant subjectively knew about them.   *See id.*   He, therefore, fails to allege either that he suffered from a serious medical need or that either defendant was subjectively indifferent to any such need, even assuming one existed.   To the extent that he asserts that

Georgia Department of Corrections policy requires medical attention after an inmate is subject to force, and Defendants failed to follow that policy, *id.*, any such failure, alone, does not support a § 1983 claim, *see, e.g., Malone v. Bailey*, 2020 WL 8172706, at *2 (S.D. Ga. Dec. 22, 2020). Brown's deliberate indifference claim against Weston and Sharpe should, therefore, be **DISMISSED**.

## III.   Due Process

Brown's allegations that Defendants Flowers and Shepard violated his due process rights by failing to properly investigate the use of force, again purportedly relying on their "dereliction of duty," fails to state any claim. *See* doc. 12 at 5.   As the Court previously explained, *see* doc. 6 at 11, there is no substantive or procedural due process right to an investigation of excessive force.   *See Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee "has no substantive right of any kind to an investigation of her excessive force complaint," and noting the lack of "any federal or state court decision, statute, regulation or other source of law that gives [arrestee] an entitlement to an internal investigation . . . of her complaints of police brutality."); *see also, e.g., Raby v. Reaves-Phams*, 2023 WL 8879762 at *5 (M.D. Ga. Dec. 21, 2023) ("Prisoners do

5

not have a constitutional right to an investigation of any kind by government officials," and collecting cases).   Since Brown has no right to an investigation, he fails to state any claim against Flowers and Shepard for the allegedly defective investigation.   *See* doc. 12 at 5.   As discussed above, his attempted reliance on provisions of the Uniform Code of Military Justice is unavailing.   His claim should, therefore, be **DISMISSED**.

## IV.   First Amendment Retaliation

The First Amendment forbids prison officials from retaliating against prisoners for exercising their First Amendment rights.   *Thomas v. Evans*, 880 F.2d 1235, 1241 (11th Cir. 1989).   "To state a [F]irst [A]mendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right."   *Id.* at 1242.   Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising [his First Amendment rights]."   *Id.*   "To prevail on a retaliation claim, the inmate must establish that: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a

causal connection between the retaliatory action . . .   and the protected speech."   *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (internal quotations and alterations omitted); *see also Smith v. Fla. Dep't of Corr.,* 713 F.3d 1059, 1063 (11th Cir. 2013) (identifying elements for a retaliation claim).   Recognizing "both the near inevitability of decisions and actions by prison officials to which prisoners will take exception and the ease with which claims of retaliation may be fabricated, [courts] examine prisoners' claims of retaliation with . . . particular care."   *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (Calabresi, J.), *abrogated on other grounds by Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020); *see also, e.g., Skinner v. Sproul*, 2015 WL 196191, at *7 (M.D. Ga. Jan. 14, 2015).

Brown alleges that Defendants Weston and Sharpe wrote disciplinary reports, at least in part, because he has a history of filing lawsuits.   Doc. 12 at 5.   His allegations, however, are wholly conclusory. He simply asserts that "Defendants Weston and Sharpe wrote D.R.'s on the Plaintiff in retaliation after assaulting him cause [sic] the Plaintiff known [sic] to file law suits."   *Id.*   He then alleges that he "was threating [sic] by staff for filing [g]rievances, [l]aw suits, and statement

7

forms." *Id.* As the Supreme Court has explained, the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Brown's allegations of First Amendment retaliation are a paradigm example of the "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement," that the Supreme Court has clearly identified as insufficient to state a claim upon which relief can be granted. *Id.* (internal quotation marks, citations, and alterations omitted). His First Amendment retaliation claim should, therefore, be **DISMISSED**.

In summary, all of the claims in Brown's Amended Complaint should be **DISMISSED**. His excessive force claim against Sharpe, Weston, Edwards, Hreha, and Grant remains pending service upon those defendants. *See* doc. 6 at 15-16. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be

captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 22nd day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA