UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| MICKI BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIT MANAGER )<br>JUANITA SHARPE, *et al.*, )<br>)<br>Defendants. ) | CV623-071 |

# ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendations (R&R), (doc. no. 13), to which Plaintiff has filed an Objection, (doc. no. 23). For the reasons explained below, the Reports and Recommendations are **ADOPTED**, as supplemented. See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

The Magistrate Judge previously approved for service Brown's claim that several defendants subjected him to excessive force. (See doc. no. 6 at 15-16). He directed Brown to amend several other claims. (Id. at 15.) Brown filed an Amended Complaint. (Doc. no. 12.) The Magistrate Judge recommended that the amended claims all be dismissed. (Doc. no. 13.) Brown objects to the recommended dismissal of his First Amendment retaliation claim, his claim that Warden Adams is liable for constitutional violations committed by his subordinates, and his claim that Defendants Weston and Sharpe were

deliberately indifferent to his serious medical needs. (See generally doc. no. 23.) None of his objections have merit.

First, Brown's Objection to the recommended dismissal of his First Amendment Retaliation claim does not dispute the Magistrate Judge's analysis of the sufficiency of that claim, but, instead, seeks to add an allegation that Defendants "Weston and Sharpe told the Plaintiff they gone [sic] write him up because he known [sic] to file law suits." (Doc. no. 23 at 1.) As the Magistrate Judge explained, his Amended Complaint contained no such specific allegation of retaliatory intent; its allegations are wholly conclusory. (See doc. no. 13 at 7-8; see also doc. no. 12 at 5.) Brown's attempt to supplement a pleading in response to a report and recommendation, "is procedurally improper because Plaintiff did not seek leave of court . . . ." Coast v. Adams, 2023 WL 5208025, at *1 (S.D. Ga. Aug. 14, 2023). "Attempts to amend pleadings through objections to reports and recommendations are improper." Carlton v. Core Civic, 2023 WL 4557736, at *2 (S.D. Ga. July 17, 2023). Brown remains free to seek leave to amend his pleadings to attempt to sufficiently plead a retaliation claim, but as currently pleaded in the Amended Complaint, the Magistrate Judge correctly concluded that it fails to state a claim upon which relief can be granted.

Brown's objection to the recommendation that his claim against Warden Adams be dismissed is also insufficient. (See doc. no. 23 at 2.) As the Magistrate Judge explained, the Amended Complaint's claim against Adams was based solely on his supervisory role. (See doc. no. 13 at 2-3.) Section 1983, as the Magistrate Judge recognized, does not permit such claims. (Id.) Brown's Objection, again, does not dispute that analysis, but seeks to add allegations of "[a] custom policy that allow officials to do whatever to [an] inmate and nothing will happen to them." (Doc. no. 23 at 2.) As

explained above, those additional allegations are not properly pleaded. While it is true that a supervisory official's "custom or policy" may subject that official to liability under § 1983, more than conclusory allegations or allegations about discreet incidents are necessary to support such liability. See, e.g., Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). As above, to the extent that Brown seeks to allege additional facts in support of a claim against Defendant Adams, he must move to amend his Complaint. The Magistrate Judge correctly determined that the Amended Complaint failed to state any claim against Adams.

Finally, Brown objects to the Magistrate Judge's recommendation for dismissal of his claim that Defendants Weston and Sharpe were deliberately indifferent to his serious medical needs for failing to procure treatment after the alleged use-of-force that is the subject of the pending claim. (See doc. no. 23 at 2-3.) The Magistrate Judge explained that, although Brown indicated that he may have suffered some serious medical need, "he does not allege what symptoms, if any, he suffered immediately after the incident or, assuming he suffered some, what either defendant subjectively knew about them." (Doc. no. 13 at 4.) As in the Amended Complaint, Brown's Objection restates his allegations that he was subjected to excessive force. (Doc. no. 23 at 2.) He, again, attempts to supplement his allegation of injury to state that he suffered from some symptoms, including pain, "breakage of the skin," and swelling. (Id.) As above, the attempted supplement is procedurally improper. Moreover, to the extent he contends that his serious medical need was "obvious," "[n]umerous district courts have . . . held injuries such as cuts and bruises resulting from an assault do not amount to a serious medical need under the Eighth Amendment." Slaughter v. Gramiak, No. 5:15-cv-090, 2021 WL

2982314, at *4 (S.D. Ga. May 19, 2021). The Magistrate Judge correctly concluded, therefore, that Brown has failed to state a deliberate indifference claim.

After a de novo review, the Court agrees with the Magistrate Judge's conclusion that Brown's claim against Warden Adams, in his supervisory capacity, his deliberate indifference claim, his allegations of due process violations, and his First Amendment retaliation claim are all insufficient. The Report and Recommendation is, therefore, **ADOPTED**. (Doc. no. 13.) The insufficient claims and Defendant Adams are, therefore, **DISMISSED**. Brown's excessive force claim against Sharpe, Weston, Edwards, Hreha, and Grant remains pending. (See doc. 24.)

**ORDER ENTERED** at Augusta, Georgia, this 25th day of March, 2024.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA